UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERFECT SURGICAL TECHNIQUES, INC.,

    Plaintiff,

    v.

OLYMPUS AMERICA, INC., et al.,

    Defendants.

No. C 12-5967 PJH

**ORDER GRANTING MOTION TO COMPEL SUPPLEMENTATION OF PATENT DISCLOSURES AND GRANTING MOTION TO STAY DISCOVERY**

Defendants' motion to strike or compel supplementation of plaintiff's Patent Local Rule 3-1 disclosures and motion to stay discovery as it relates to the '527 patent came on for hearing before this court on June 19, 2013. Plaintiff Perfect Surgical Techniques, Inc. ("plaintiff") appeared through its counsel, Qudus Olaniran. Defendants Olympus America Inc., Gyrus Medical, Inc., and Gyrus ACMI, L.P. ("defendants") appeared through their counsel, Deborah Fishman, Katie Scott, and Eric Kurtycz. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to compel supplementation of plaintiff's Patent Local Rule 3-1 disclosures and GRANTS defendants' motion to stay discovery as it relates to the '527 patent, for the reasons stated at the hearing, and summarized as follows.

As stated at the hearing, plaintiff's infringement contentions do not satisfy Patent Local Rule 3-1's requirement of "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the

structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." The court agrees with plaintiff that reverse engineering of each accused product is not strictly necessary, but finds that some further investigation into the accused products is necessary to support plaintiff's infringement allegations. Accordingly, defendants' motion to compel supplementation of plaintiff's contentions is GRANTED, and plaintiff shall have 30 days to conduct further investigation of the accused products and serve supplemental contentions on defendants. The court further finds that defendants need not provide any discovery regarding the '527 patent until after plaintiff serves adequate infringement contentions, and thus GRANTS defendants' motion to stay discovery as it relates to the '527 patent. However, the court does note that defendants take issue not only with the sufficiency of plaintiff's infringement contentions, but also with the merits of plaintiff's infringement theories. Any arguments regarding the ultimate validity of plaintiff's claim construction positions or the sufficiency of evidence of infringement are premature at this stage of the case, and thus will not be considered as part of this (or any future) motion to strike.

The parties have also stipulated to stay claim construction of the '384 patent until either (1) plaintiff voluntarily dismisses the '384 patent from the case, or (2) the court issues an order regarding defendants' anticipated motion for summary judgment of the '384 patent's invalidity. As discussed at the hearing, the open-ended nature of this stipulation is problematic, and for that reason, the stipulation is DENIED. Instead, as discussed at the hearing, the parties will meet and confer regarding claim construction deadlines for both patents. If plaintiff does decide to drop the '384 patent from the case, and if the parties can agree on a shortened schedule for claim construction that allows the court to keep the current Markman hearing on September 25, 2013, the parties shall submit a stipulation setting forth the proposed schedule. If plaintiff decides not to drop the '384 patent from the case, defendants will be permitted to file an early motion for summary judgment. If the claim construction hearing needs to be continued, the tutorial will be held on May 2, 2014,

2

and the Markman hearing will be held on May 14, 2014. The parties are directed to keep the court apprised of any decision regarding the '384 patent, and to submit a stipulation regarding claim construction deadlines within one week after service of plaintiff's supplemental infringement contentions.

**IT IS SO ORDERED.**

Dated: June 19, 2013

PHYLLIS J. HAMILTON
United States District Judge