UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERFECT SURGICAL TECHNIQUES, INC.,

    Plaintiff,

    v.

OLYMPUS AMERICA, INC., et al.,

    Defendants.

_____/

No. C 12-5967 PJH

**ORDER GRANTING MOTION TO STRIKE IN PART, DENYING MOTION TO DISMISS**

    Defendants' motion to strike plaintiff's infringement contentions and dismiss plaintiff's claim of infringement of the '527 patent came on for hearing before this court on October 23, 2013. Plaintiff Perfect Surgical Techniques, Inc. ("plaintiff" or "PST") appeared through its counsel, Robert Freitas. Defendants Olympus America Inc., Gyrus Medical, Inc., and Gyrus ACMI, L.P. ("defendants") appeared through their counsel, Katie Scott. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendants' motion to strike in part and DENIES defendants' motion to dismiss as follows.

    This is defendants' second motion to strike plaintiff's infringement contentions as they relate to U.S. Patent No. 6,682,527 ("the '527 patent"). At the last hearing, on June 19, 2013, the court ordered plaintiff to supplement its infringement contentions, and specifically instructed plaintiff's counsel that plaintiff was required "to do more than simply look at [defendants'] patents, read their user manuals, and talk to your experts." Dkt. 96 at 21. The court went on to explain that the local rules required plaintiff to "at least evaluate up close each of the accused devices," and then repeated that plaintiff needed to "look at each of the products" to "identify where each limitation is found or met in each of the products." Id. Importantly, plaintiff's counsel confirmed his understanding of the court's

instructions, stating "based on what you've said today, that you're requiring us to test every single device," and noting that "three of them at least have to be acquired from the defendants' sales rep directly." Id. at 25.  Plaintiff's counsel now argues that "to the extent the court intended to order PST to purchase and test each accused generator, PST acknowledges that was not its understanding of the court's order." Dkt. 103 at 7.  Given that plaintiff's counsel himself confirmed, in his own words, that plaintiff was "requir[ed] to test every single device," plaintiff cannot now argue that its counsel did not understand the court's order.  The fact that the court did not repeat its instructions in its summary order does not aid plaintiff here, as the order specifically states that defendants' motion was granted "for the reasons stated at the hearing." Dkt. 70 at 1.  Accordingly, as to the products that plaintiff failed to acquire and test (namely, the ESG-100, G400, and UES-40), defendants' motion to strike is GRANTED without leave to amend.

      Plaintiff did acquire and test one of defendants' products, the ESG-400.  Defendants argue that plaintiff's contentions as to that product are still deficient, and seek an order striking those contentions without leave to amend, which would result in the dismissal, with prejudice, of the entirety of plaintiff's infringement claim as to the '527 patent.  However, defendants are overreaching here, and are attempting to litigate the merits of plaintiff's infringement allegations, which is premature at this stage of the case.  For instance, defendants argue that "[t]here is not a shred of evidence suggesting that the accused products 'avoid[] formation of a vapor layer,'" and plaintiff claims that defendants "asked for video proof" or an expert declaration regarding the lack of a vapor layer. Dkt. 99 at 15; Dkt. 103 at 4.  But infringement contentions are not intended to provide proof to defendants, they are intended to provide notice. See, e.g., Network Caching Tech. v. Novell, Inc., 2003 WL 21699799 (N.D. Cal. Mar. 21, 2003).  The court finds that plaintiff's infringement contentions are largely sufficient, in that they provide adequate notice of its theories of infringement.  Defendants plainly disagree that their products infringe, and while defendants may ultimately prevail, they may not transform a motion to strike into a motion for summary judgment.

2

However, the court does agree with defendants that plaintiff's contentions are not entirely sufficient under Patent Local Rule 3-1. Specifically, Rule 3-1(c) requires plaintiff to identify, "for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function." For the "means for automatically increasing power delivered to the bipolar forceps" limitation, plaintiff has simply included a screenshot of the ESG-400's circuit board, highlighted four integrated circuit chips, and speculated that those chips "appear to be memory devices that hold firmware for controlling the power output of the ESG-400 generator." Dkt. 99-1, Ex. 2 at 37-38. Plaintiff argues that it is not required to "reverse engineer each of the accused products to determine which of the chips on its motherboard actually performs the function of delivering and increasing power to an attached bipolar forceps." Dkt. 103 at 15. But Rule 3-1(c) does indeed require plaintiff to identify what structure "performs the claimed function." Plaintiff is correct that reverse engineering is not strictly necessary, but "reverse engineering or its equivalent is required." Intertrust Tech. Corp. v. Microsoft Corp., 2003 WL 23120174 at *2 (N.D. Cal. Dec. 1, 2003) (emphasis added). If plaintiff is able to identify the structure that performs the claimed function without reverse engineering, that will be enough to satisfy Rule 3-1, but plaintiff's current contentions do not adequately identify said structure. Accordingly, defendants' motion to strike is GRANTED with leave to amend with respect to this limitation and this device. Plaintiff shall have until **November 25, 2013** to serve amended infringement contentions in accordance with this order. The contentions must be limited to the ESG-400, and no new claims may be added. Because plaintiff is granted leave to amend, defendants' motion to dismiss is DENIED.

**IT IS SO ORDERED.**

Dated: October 28, 2013

PHYLLIS J. HAMILTON
United States District Judge

3