UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PERFECT SURGICAL TECHNIQUES, INC.,

    Plaintiff,

    v.

OLYMPUS AMERICA, INC., et al.,

    Defendants.
_____/

No. C 12-5967 PJH

**ORDER DENYING MOTIONS FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS AND TO FILE SECOND AMENDED COMPLAINT; GRANTING MOTION FOR SUMMARY JUDGMENT**

    Defendants' motion for summary judgment of invalidity of the '384 patent, plaintiff's motion for leave to file amended infringement contentions, and plaintiff's motion for leave to file a second amended complaint came on for hearing before this court on September 4, 2013. Plaintiff Perfect Surgical Techniques, Inc. ("plaintiff" or "PST") appeared through its counsel, Qudus Olaniran and Daniel Weinberg. Defendants Olympus America Inc., Gyrus Medical, Inc., and Gyrus ACMI, L.P. ("defendants") appeared through their counsel, Deborah Fishman, Katie Scott, Eric Kurtycz, and Kiyoshi Miyake. Having read the papers filed in conjunction with the motions and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion for leave to file amended infringement contentions, DENIES plaintiff's motion for leave to file a second amended complaint, and GRANTS defendants' motion for summary judgment as follows.

    Although defendants filed their motion for summary judgment before plaintiff filed its motions, the court will address plaintiff's motion for leave to amend its infringement contentions first, as it presents a threshold issue that must be resolved before considering defendants' motion for summary judgment.

    Patent Local Rule 3-6 allows a party to amend its infringement contentions only by

order of the court upon a timely showing of good cause. Though Local Rule 3-6 does not expressly define the boundaries of what constitutes "good cause," it provides the following non-exhaustive list: (1) a claim construction by the court different from that proposed by the party seeking amendment, (2) recent discovery of material, prior art despite earlier diligent search, or (3) recent discovery of non-public information about the accused instrumentality which was not discovered, despite diligent efforts, before the service of infringement contentions.

In this case, plaintiff seeks to amend its infringement contentions to remove its infringement allegations against four of the five products accused of infringing U.S. Patent No. 6,030,384 ("the '384 patent"). Specifically, plaintiff seeks to withdraw its infringement allegations against the PKS Cutting Forceps, the PKS HALO Cutting Forceps, the PKS Omni, and the HiQ+ Johann Forceps, and seeks to serve amended infringement contentions accusing only one product, the Thunderbeat Forceps, of infringement. Plaintiff's stated reason for seeking this amendment is that, at an Early Neutral Evaluation session on May 31, 2013, plaintiff "gained a better understanding of its case," and after it "considered and evaluated the information presented by defendants in the ENE session and the analysis of the neutral evaluator," it "concluded that its infringement contentions were not accurate and that it would need to narrow the scope of its allegations with respect to the '384 patent." See Dkt. 95 at 2, Dkt. 82 at 3. However, plaintiff does not identify any new information that it discovered at the ENE session. Instead, it explains that "its original construction of the disputed term 'wherein electrode members lie parallel to and laterally spaced-apart from each other when the jaws are closed' was too narrow and put too much emphasis on 'parallel' and not enough emphasis on 'laterally spaced.'" Dkt. 95 at 2-3. However, it appears that plaintiff's reevaluation of its claim construction position was not triggered by newly-discovered non-public information that it learned at the ENE session, and instead, could have been triggered by a simple examination of the product itself, which should have occurred before plaintiff served its infringement contentions in the first place. Defendants raise another possible explanation for plaintiff's decision to seek leave to

amend its infringement contentions – shortly before the ENE session, plaintiff was informed that a predecessor to one of the accused products (specifically, the BiCOAG Cutting Forceps, the predecessor product to the accused PKS Cutting Forceps) was on sale more than one year before the filing of the '384 patent, thus exposing the '384 patent to an invalidity challenge based on 35 U.S.C. § 102(b). Defendants argue that plaintiff seeks to amend its contentions solely to avoid a finding of invalidity.

While the court cannot make a definitive determination as to plaintiff's motives in seeking to amend its infringement contentions, the court does find it likely that plaintiff seeks this amendment in order to avoid a finding of invalidity. But more importantly, the court finds that plaintiff has not satisfied its burden to show "good cause" under Patent Local Rule 3-6. If plaintiff had offered a competing explanation for its change of heart with regard to its claim construction position, the court might have been persuaded that plaintiff did not seek amendment as a strategy to avoid a finding of invalidity. Indeed, parties are permitted to change and refine their claim construction positions over the course of a case, especially when such changes would serve to narrow the scope of the suit. However, in the absence of any explanation as to why plaintiff could not have reconsidered its claim construction position earlier in the case, the court finds that plaintiff cannot meet the "good cause" requirement of Patent Local Rule 3-6, and thus DENIES plaintiff's motion for leave to amend its infringement contentions. As plaintiff's motion for leave to file a second amended complaint seeks the same relief (i.e., the withdrawal of infringement allegations against four of the products accused of infringing the '384 patent), that motion is DENIED for the same reasons.

Having determined that plaintiff cannot amend its infringement contentions, the court now turns to defendants' motion for summary judgment of invalidity. Defendants argue that plaintiff accuses the PKS Cutting Forceps of infringing the '384 patent, that the PKS Cutting Forceps are identical in all material respects to the predecessor BiCOAG Cutting Forceps, and that the BiCOAG Cutting Forceps were on sale more than one year before the filing of the '384 patent, thus rendering the '384 patent invalid under 35 U.S.C. § 102(b).

Defendants further argue that they are relieved of their usual burden of showing that the BiCOAG Forceps anticipate the claims of the '384 patent by conceding infringement by the PKS Cutting Forceps, and by showing that the PKS Cutting Forceps are indeed identical in all material respects to the BiCOAG Cutting Forceps. Defendants further point to the Federal Circuit decisions in Evans Cooling Systems v. General Motors Corp. and Vanmoor v. Wal-Mart Stores, Inc. as additional support for their position. Evans Cooling, 125 F.3d 1448 (Fed. Cir. 1997); Vanmoor, 201 F.3d 1363 (Fed. Cir. 2000).

Plaintiff does not dispute that the BiCOAG Cutting Forceps are identical in all material respects to the accused PKS Cutting Forceps, nor does it dispute that the BiCOAG Cutting Forceps were on sale more than one year before the '384 patent was filed. Instead, plaintiff's opposition to defendants' motion is based on the argument that it has withdrawn (or, attempted to withdraw) its infringement allegations against the PKS Cutting Forceps, and that the court must first construe the claims of the '384 patent before finding it invalid.

The court agrees that, without the benefit of a claim construction proceeding, a universal finding of invalidity would be premature. However, as discussed above, plaintiff has not shown good cause to amend its infringement contentions, so the PKS Cutting Forceps remain in the case. And, as a result, the reasoning of Evans Cooling and Vanmoor does apply in this case. Plaintiff has accused the PKS Cutting Forceps of infringement, and defendants have presented unopposed evidence that the BiCOAG Forceps (which were on sale more than one year before the filing of the '384 patent) are identical in all material respects to the PKS Cutting Forceps. Thus, defendants are entitled to summary judgment. However, because the court has not issued a claim construction order, and thus has not compared the BiCOAG Cutting Forceps, on a limitation-by-limitation basis, to the construed claims of the '384 patent, the court adopts an approach similar to that taken in Biogenex Labs. v. Ventana Medical Systems, Inc. and GRANTS defendants' summary judgment of invalidity for purposes of this lawsuit only.

In Biogenex, the plaintiff sought leave to amend its infringement contentions to

4

assert an earlier priority date than was first asserted.  2005 U.S. Dist. LEXIS 45531, at *9 (N.D. Cal. Feb. 24, 2005).  The Biogenex defendant had previously filed a motion for summary judgment of invalidity based on section § 102(b), identifying a printed publication that described the subject matter of the asserted claims.  Id. at *8.  The Biogenex court noted that, like this case, plaintiff's "motion for leave to amend constitutes the entirety of [plaintiff's] opposition to [defendant's] motion for summary judgment of invalidity," and that "resolution of the motions . . . turns upon whether [plaintiff] has demonstrated good cause for amendment."  Id. at *9-10.  The Biogenex court found that the plaintiff had not demonstrated good cause, and that allowing it to amend its infringement contentions "would permit the very 'shifting sands' approach that the Patent Local Rules were designed to avoid," and thus granted the defendant's motion for summary judgment for purposes of that lawsuit only.  Id. at *13.

    Like in Biogenex, the court finds that resolution of the motions turns on whether plaintiff has demonstrated good cause for amendment, and thus, reaches the same result as to both the motion for leave to amend and the motion for summary judgment.  And as in Biogenex, the court's grant of invalidity shall apply to this lawsuit only.

    Finally, the court GRANTS defendants' motion to seal Ex. A to the Baden declaration, Ex. 13 to the Scott declaration, and those portions of the Baden declaration which describe Exhibit A.

**IT IS SO ORDERED.**

Dated: December 16, 2013

PHYLLIS J. HAMILTON
United States District Judge