1

2

3                          UNITED STATES DISTRICT COURT

4                         NORTHERN DISTRICT OF CALIFORNIA

5

6   PERFECT SURGICAL TECHNIQUES,
    INC.,

7
                    Plaintiff,                    No. C 12-5967 PJH
8
            v.                                    **ORDER GRANTING IN PART AND
9                                                 DENYING IN PART MOTION FOR
    OLYMPUS AMERICA, INC., et al.,                ATTORNEY'S FEES**
10
                    Defendants.
11   _____/

12          Defendants in this patent infringement case have filed a Rule 37 motion for the

13   payment of fees and expenses.  The relevant history of this case is as follows.

14          Plaintiff Perfect Surgical Techniques, Inc. ("plaintiff" or "PST") accuses defendants

15   Olympus America Inc., Gyrus Medical, Inc., and Gyrus ACMI, L.P. ("defendants") of

16   infringing two of its patents; namely, U.S. Patent No. 6,030,384 ("the '384 patent," which

17   relates to surgical instruments) and U.S. Patent No. 6,682,527 ("the '527 patent," which

18   relates to electrosurgical generators).  The present motion relates exclusively to the '527

19   patent.

20          Plaintiff filed suit on November 21, 2012, asserting both the '527 and the '384 patent.

21   On March 22, 2013, plaintiff served its original infringement contentions.  Defendants

22   responded by pointing out a number of deficiencies in the contentions, and on April 12,

23   2013, plaintiff served supplemental contentions.  Defendants believed that the

24   supplemental contentions contained many of the same deficiencies as the original

25   contentions, and requested further supplementation.  Plaintiff refused, and on April 26,

26   2013, defendants filed a motion to strike plaintiff's '527 infringement contentions.  The

27   motion was heard on June 19, 2013.

28          At the hearing, plaintiff's counsel admitted that they had observed only one of the

United States District Court

For the Northern District of California

accused products in use, and that their contentions as to the other three products were based on review of user manuals and other publicly-available information.  The court found that plaintiff had not met the standard of Local Rule 3-1, which has been interpreted to require "reverse engineering or its equivalent," and while the court did make clear that "whether or not you wish to reverse engineer is going to be up to you," it informed plaintiff's counsel that they needed to "at least evaluate up close each of the accused devices" so that the contentions could "identify where each limitation is found or met in each of the products."  See Dkt. 96 at 21.  Plaintiff's counsel confirmed the court's instruction, stating that "based on what you've said today that you're requiring us to test every single device," plaintiff would need additional time to perform the required testing.  Id. at 25.  Plaintiff's counsel informed the court that "three of them" (referring to the accused products) "have to be acquired from the defendants' sales rep directly," and thus asked for 30 days for plaintiff to supplement its contentions.  See id. ("30 days may be required in order for us to acquire the devices and conduct the required testing.").  Accordingly, the court granted the motion to strike with leave to amend.  See Dkt. 70.  While the court's order made clear that plaintiff's infringement contentions did not satisfy Patent Local Rule 3-1, it also noted that "defendants take issue not only with the sufficiency of plaintiff's infringement contentions, but also with the merits of plaintiff's infringement theories."  Id. at 2.  The court then cautioned defendants that "[a]ny arguments regarding the ultimate validity of plaintiff's claim construction positions or the sufficiency of evidence of infringement are premature at this stage of the case, and thus will not be considered as part of this (or any future) motion to strike."  Id.

According to defendants, plaintiff waited for two weeks after the June 19 hearing (in other words, until July 3, 2013) to inquire about acquiring the accused products from defendants.  Defendants provided plaintiff with pricing information, but plaintiff ultimately decided to purchase only one of the four accused products, the ESG-400 generator.  Plaintiff chose not to purchase the other three accused products (the ESG-100, G400, and UES-40), either from defendants or from any other source.

United States District Court

For the Northern District of California

1    Plaintiff served its supplemental infringement contentions on July 24, 2013, five days

2  after the court-ordered deadline.  On August 13, 2013, defendants sent a letter to plaintiff,

3  alleging that the supplemental contentions were still inadequate, and requesting that

4  plaintiff withdraw its infringement allegations as to all four accused products.  Plaintiff

5  declined, and defendants filed a second motion to strike on September 3, 2013.  The

6  second motion to strike was heard on October 23, 2013.  At the hearing, the court asked

7  plaintiff's counsel why they had not acquired and tested all four of the accused products,

8  explaining that the court had, at the last hearing, "made it very specific" that plaintiff was

9  required to "test and observe each and every one of the accused products." Dkt. 109 at 24.

10  Plaintiff's counsel maintained that they had "misunderstood" the court's direction, and

11  explained that they still believed that "under the local rules it isn't necessary to perform any

12  specific testing in the context of this case." Id. at 25.  As to the three untested products, the

13  court granted defendants' motion to strike without further leave to amend. See Dkt. 108 at

14  2.

15    However, with regard to the ESG–400 (the one product that plaintiff did acquire and

16  test), the court held that the contentions were "largely sufficient, in that they provide

17  adequate notice of [plaintiffs'] infringement theories." Dkt. 108 at 2.  The court noted that

18  defendants were "overreaching" with many of their arguments relating to the ESG-400, as

19  they were "attempting to litigate the merits of plaintiff's infringement allegations, which is

20  premature at this stage of the case." Id.  As they did during the first motion to strike,

21  defendants were challenging the sufficiency of plaintiff's evidence of infringement, arguing

22  that "[t]here is not a shred of evidence suggesting that the accused products 'avoid[]

23  formation of a vapor layer.'" See id. (quoting Dkt. 99 at 15).  The court explained that

24  "infringement contentions are not intended to provide proof to defendants, they are

25  intended to provide notice," and while defendants may ultimately be correct in arguing that

26  the ESG-400 does not infringe plaintiff's patent, they were not permitted to "transform a

27  motion to strike into a motion for summary judgment." Dkt. 108 at 2.  While the court did

28  grant defendants' motion to strike plaintiff's ESG-400 contentions, it did so on narrow

1  grounds, finding that plaintiff had failed to identify the relevant structure corresponding to a

2  means-plus-function limitation. Id. at 3.  Plaintiff was granted leave to amend to remedy

3  that deficiency. Id.

4      As part of their second motion to strike, defendants also moved the court for

5  dismissal of plaintiff's claim of infringement of the '527 patent.  But because plaintiff was

6  granted leave to amend as to one of the accused products, defendants' motion to dismiss

7  was denied. See Dkt. 108 at 3.

8      Defendants filed the present motion on December 11, 2013, seeking $133,390.40 in

9  fees and costs associated with the two above-mentioned motions to strike and this motion.

10  Defendants seek fees/costs on two different grounds; first, based on Federal Rule of Civil

11  Procedure 37(a)(5)(A), and second, based on Rule 37(b)(2)(C).

12      Rule 37(a)(5)(A) provides, in relevant part, that:

13      If the motion [compelling discovery] is granted . . . the court must, after giving
        an opportunity to be heard, require the party or deponent whose conduct

14      necessitated the motion, the party or attorney advising that conduct, or both
        to pay the movant's reasonable expenses incurred in making the motion,

15      including attorney's fees.  But the court must not order payment if:

16      (i) the movant filed the motion before attempting in good faith to obtain the
        disclosure or discovery without court action;

17
        (ii) the opposing party's nondisclosure, response, or objection was
18      substantially justified; or

19      (iii) other circumstances make an award of expenses unjust.

20  Fed. R. Civ. P. 37(a)(5)(A).

21      Rule 37(b)(2)(C) provides that, where a party fails to comply with a court order:

22      [T]he court must order the disobedient party, the attorney advising that party,
        or both to pay the reasonable expenses, including attorney's fees, caused by

23      the failure, unless the failure was substantially justified or other circumstances
        make an award of expenses unjust.

24
    Fed. R. Civ. P. 37(b)(2)(C).
25

26      Defendants maintain that both fee-imposing bases apply to both motions.  The court

27  will first address Rule 37(a)(5)(A).  The court first notes that Rule 37(a)(3) sets forth a

28  number of specific instances in which a party may move for an order compelling disclosure

4

United States District Court

For the Northern District of California

1   or discovery.  Rule 37(a)(3)(A) mentions failure "to make a disclosure required by Rule

2   26(a)," and Rule 37(a)(3)(B) mentions failure "to answer a deposition question," failure "to

3   make a designation under Rule 30(b)(6) or 31(a)(4)", failure "to answer an interrogatory,"

4   and failure "to respond that inspection will be permitted" or failure "to permit inspection"

5   under Rule 34.  Defendants seemingly concede that failure to provide adequate

6   infringement contentions is not specifically mentioned within Rule 37, but they now argue

7   that Patent Local Rule 3-1 is "equivalent to a discovery device," and thus, any motion filed

8   under Patent Local Rule 3-1 is subject to Rule 37.  Defendants do cite one case from this

9   district in support of their argument.  See California Institute of Computer Assisted Surgery,

10  Inc. v. Med-Surgical Services, Inc., 2011 WL 4505239 (N.D. Cal. Sept. 27, 2011).

11  Defendants further argue that Rule 37 does not provide an exhaustive list of motions

12  subject to the Rule.

13      The court declines to adopt the approach advocated by defendants with respect to

14  Rule 37(a).  The court finds it significant that defendants have identified only a single case

15  from this district applying Rule 37 in this context, and further notes that Rule 37(a)(3) sets

16  forth a list of "Specific Motions" to which the rule applies, which does not include motions to

17  compel patent disclosures.  Further, the language of the Rule is specific in applying when a

18  party "fails" to answer an interrogatory (or make a disclosure, etc.), but does not mention

19  situations where there is a dispute as to the sufficiency of an interrogatory response.  The

20  court also notes that a motion to strike is distinct from a motion to compel, and that

21  defendants sought orders striking plaintiff's contentions as their primary form of relief (the

22  court notes that defendants asked the court to compel amended contentions only as an

23  alternative form of relief, and only in their first – not second – motion to strike).  Accordingly,

24  in light of the precise language used in Rule 37(a), the court declines to apply the Rule

25  here, and DENIES defendants' motion to the extent that it is premised on Rule 37(a).

26      Rule 37(b), in contrast, is not so limited, and applies to any instance where a party

27  "fail[s] to comply with a court order."  Here, defendants' arguments with respect to the first

28  motion to strike are different than the arguments with respect to the second motion to

United States District Court

For the Northern District of California

1   strike, so the court will address them separately.

2          As to the first motion to strike, defendants argue that plaintiff's contentions violated

3   this court's initial scheduling order, which required plaintiff to serve infringement

4   contentions in compliance with Patent Local Rule 3-1.  While the court does agree that the

5   scheduling order was issued under Rule 26(f), thus making it eligible for Rule 37(b)

6   treatment, the court declines to award fees on this basis.  The scheduling order stated, in

7   general terms, that plaintiff was required to serve infringement contentions by March 22,

8   2013.  If plaintiff had failed to serve any contentions by the deadline, then the court would

9   agree that sanctions would be justified.  However, plaintiff did serve contentions, though

10  those contentions were ultimately found to be insufficient.  Thus, the court finds that this is

11  an instance where "reasonable people could differ" as to whether plaintiff complied with the

12  court's scheduling order, and as a result, the court finds that plaintiff was "substantially

13  justified" in failing to fully comply with the court's scheduling order.  See Pierce v.

14  Underwood, 487 U.S. 552, 565 (1988) ("substantially justified" for Rule 37 purposes "has

15  never been described as meaning 'justified to a high degree,' but rather has been said to

16  be satisfied if there is a 'genuine dispute.'").  Accordingly, defendants' motion for attorney's

17  fees with respect to their first motion to strike is DENIED in its entirety.

18         As to the second motion to strike, defendants make two separate arguments under

19  Rule 37(b).  First, as before, defendants argue that plaintiff violated this court's scheduling

20  order by failing to serve sufficient contentions by the court-ordered deadline.  For the same

21  reason as above, the court rejects that argument.  However, defendants' second argument

22  provides a much stronger case for relief.  Defendants argue that, by serving infringement

23  contentions without acquiring and testing all four accused products, plaintiff violated this

24  court's order requiring it to do so.  While the court's June 19, 2013 written order does not

25  specifically mention the direction to acquire and test all four accused products, it does state

26  that the motion to strike was granted "for the reasons stated at the hearing," and the

27  hearing transcript shows not only that the court directed plaintiff's counsel to acquire and

28  test all four products, but that plaintiff's counsel expressly acknowledged the instruction.

1    <u>See</u> Dkt. 96 at 21, 25.  Specifically, plaintiff's counsel stated that "based on what you've

2    said today that you're requiring us to <u>test every single device</u> . . . maybe 30 days may be

3    required to in order for us to <u>acquire the devices and conduct the required testing</u>." <u>Id.</u> at

4    25 (emphasis added).  In light of that clear acknowledgment of the court's instructions, the

5    court cannot now find that plaintiff was substantially justified in serving infringement

6    contentions as to the three un-acquired and untested accused products.  Thus, the court

7    finds that, with respect to the second motion to strike, defendants are entitled to reasonable

8    attorney's fees and costs.

9        However, defendants' requested fees go far beyond what is reasonable.

10   Defendants seek $73,314.40 in fees associated with the second motion to strike, based on

11   169.8 hours spent working on the motion.  Given the straightforward nature of plaintiff's

12   failure to comply with the court's order, the number of hours incurred is excessive.  The

13   motion needed only point out the court's directions, note that plaintiff still had not acquired

14   and tested three of the accused products, and request that the contentions be stricken as

15   to those products.  Instead, defendants introduced a host of merits-based issues into what

16   should have been an open-and-shut motion, and now seek to recover fees based on their

17   overreaching.  As explained above, defendants have engaged in a pattern of arguing the

18   merits of plaintiff's infringement allegations at this early stage of the case.  In granting

19   defendants' first motion to strike, the court cautioned defendants that "[a]ny arguments

20   regarding the ultimate validity of plaintiff's claim construction positions or the sufficiency of

21   evidence of infringement are premature at this stage of the case, and thus will not be

22   considered as part of this (or any future) motion to strike," and yet, defendants still chose to

23   challenge the sufficiency of plaintiff's evidence in their second motion to strike.  Indeed,

24   only one and a half pages of defendants' second motion is devoted to the argument that

25   plaintiff "failed to comply with this court's order to obtain and investigate three of its four

26   accused generators," while the remainder challenges plaintiff's "largely sufficient"

27   contentions regarding the one product that was tested.  Only when considering the highly

28   technical nature of defendants' merits-based arguments does the court understand how

United States District Court<br>For the Northern District of California

7

United States District Court

For the Northern District of California

1   defendants could have spent 169.8 hours working on their motion.  The court finds that

2   defendants' requested fees are unreasonable, but because defendants have not provided

3   the court with a means of apportioning the requested fees, the court will do so on its own.

4          As an initial matter, while intellectual property attorneys are frequently awarded fees

5   based on higher billing rates commensurate with experience, the court finds that no

6   specialized experience was needed for defendants' second motion to strike.  As explained

7   above, plaintiff's counsel was given a clear direction to acquire and test all four accused

8   products, plaintiff's counsel failed to do so, which necessitated the motion.  Thus, the court

9   sees no reason to deviate from the $460 average hourly rate applicable to associates in the

10  San Francisco metropolitan area.  See Dkt. 112-5 (Scott decl., Ex. 4) at 3.

11         As explained above, even though defendants bear the burden of establishing the

12  reasonableness of their requested fees, they have made no attempt to identify the portion

13  of their requested fees that was attributable to their improper merits-based arguments,

14  instead choosing to take an "all or nothing" approach to their fee request.  Thus, the court

15  has no choice but to apportion the fees using its own discretion.  Again, the court

16  emphasizes that defendants could have chosen to file a straightforward motion to strike,

17  simply explaining the court's instructions at the June 19, 2013 hearing, pointing out

18  plaintiff's failure to comply with those instructions, and requesting that the infringement

19  contentions be stricken as a result.  Defendants chose to take a much more ambitious

20  approach to the motion to strike, attempting to fast-track a merits consideration of plaintiff's

21  infringement allegations (which was itself contrary to the court's instruction that any

22  arguments regarding the sufficiency of evidence was "premature").  If the court were to

23  grant defendants' fee request in its entirety, it would further encourage the very type of

24  overreaching that defendants have twice been warned against.  Thus, given the court's

25  broad discretion to determine the reasonableness of fees, it finds that any expenditure of

26  time above 30 hours could not be attributable to work needed to advance the narrow

27  ground upon which the court has granted relief.  The court therefore orders plaintiff to pay

28  fees in the amount of **$13,800** in connection with defendants' second motion to strike.  The

court further awards defendants' requested **$2,076.72** in expenses associated with their second motion to strike.

With regard to fees incurred in connection with the present motion for fees, defendants request $7,383.20 in fees and $482.08 in expenses only through November 18, 2013, and request the opportunity to update their request with fees/expenses incurred between November 18 and the date that the motion was ultimately filed (December 11, 2013).  Defendants further request the opportunity to update their request with fees/expenses incurred in preparing their reply brief.  Rather than directing defendants to submit any additional information (which would result in the incurrence of more fees), the court finds that a total amount of $10,000 to cover all fees and expenses associated with the present motion and reply is appropriate.  However, because the court has granted relief upon only one of the two grounds advocated by plaintiff (under Rule 37(b), and not under Rule 37(a)), and because the court has granted relief as to only one of defendants' two motions to strike, the court sees fit to award only 25% of the total amount of fees and expenses.  Accordingly, the court orders plaintiff to pay **$2,500** in fees and expenses in connection with the present motion.

Thus, defendants' motion is GRANTED in part and DENIED in part, and defendants are awarded a total of **$18,376.72**.

**IT IS SO ORDERED.**

Dated: March 14, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge

9