UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERFECT SURGICAL TECHNIQUES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GYRUS MEDICAL, INC., et al.,<br><br>　　　　Defendants. | Case No. 12-cv-5967-PJH<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT** |

　　　　Before the court is the motion of defendants Gyrus Medical, Inc., Gyrus ACMI, L.P., and Olympus America, Inc., for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b) as to the invalidity of U.S. Patent No. 6,030,384 ("the '384 patent"). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

　　　　Under Rule 54(b), when an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). A district court has discretion when deciding whether to enter judgment under Rule 54(b). See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980).

　　　　Here, plaintiff Perfect Surgical Techniques, Inc., filed a complaint on November 21, 2012, alleging infringement as to the '384 patent, and as to a second patent, U.S. Patent No. 6,682,527 ("the '527 patent"). On January 9, 2013, defendants filed an answer and

1  counterclaims seeking a declaratory judgment of non-infringement and invalidity as to the
2  '384 patent and the '527 patent.  On December 16, 2013, the court issued an order
3  denying plaintiff's motion for leave to amend its infringement contentions and its motion
4  for leave to file a second amended complaint.  In the same order, the court granted
5  defendants' motion for summary judgment as to the invalidity of the '384 patent, although
6  the court limited that ruling to the instant case.  On December 23, 2013, the court stayed
7  the case, pursuant to the parties' stipulation, pending inter partes review of the '527
8  patent.

The court finds that the order granting summary judgment as to the invalidity of the '384 patent constituted "a decision upon a cognizable claim for relief" which is "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action."  See Curtiss-Wright, 446 U.S. at 7.  Further, the court finds no just reason for delay, as the claims under review are "separable from the others remaining to be adjudicated" and the nature of the claims already determined "is such that no appellate court [will] have to decide the same issues more than once even if there [are] subsequent appeals."  Id. at 8, 10.

**IT IS SO ORDERED.**

Dated:  January 20, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge